IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TONI A. DEZINNA**, | : | CIVIL ACTION NO. 1:05-CV-0571 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **JO ANNE B. BARNHART**, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 19th day of June, 2006, upon consideration of the report of the magistrate judge (Doc. 13), recommending denial of an appeal from a decision of the Administrative Law Judge ("ALJ"), and of plaintiff's objections thereto (Doc. 14), asserting that the ALJ erred in not giving the opinion of plaintiff's treating physician controlling weight, finding that plaintiff did not meet or equal Section 5.08A of the Listing of Impairments, and failing to obtain the assistance of a medical advisor to determine the disability onset date, and, after an independent review of the record, it appearing that the ALJ did not give appropriate weight to the opinion of plaintiff's treating physician, Mark R. Burns, M.D. ("Dr. Burns"), see 20 C.F.R. § 404.1527(d)(2) (listing the factors to be used in determining the amount of weight to give medical opinions); see also Newell v. Comm'r of Soc. Sec. Admin., 347 F.3d 541, 547 (3d Cir. 2003) ("Retrospective diagnosis of an impairment, even if uncorroborated by contemporaneous medical records, but corroborated by lay evidence relating back to the claimed period of disability, can support a finding of past impairment."), that the ALJ did not set forth reasons for rejecting medical

evidence[1] that supports Dr. Burns's retrospective opinion concerning plaintiff's disability onset date, see Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (stating that the ALJ must give some indication of the evidence that he rejects and his reason for discounting evidence); see also Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000) (providing that when an ALJ fails to offer some indication of the evidence he rejects, it is impossible for the reviewing court to determine if significant probative evidence was not credited or simply ignored), that the ALJ did not adequately explain why plaintiff's height and weight measurements did not equal or meet Section 5.08A of the Listing of Impairments,[2] see Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (stating that when there is conflicting evidence the ALJ must consider all of the evidence and provide an explanation for any discounting of the evidence rejected), and the court finding that a medical advisor should have been utilized by the ALJ to analyze plaintiff's disability onset date,[3] see Walton v. Halter, 243 F.3d 703, 709 (3d Cir. 2001) (stating that the ALJ

---

[1] The ALJ did not discuss notations by one of plaintiff's treating physicians indicating that plaintiff suffered from symptoms that are arguably consistent with plaintiff's alleged impairment. (R. 177) See Fargnoli, 247 F.3d at 43.

[2] The ALJ's decision states that the Listing of Impairments at Section 5.08A are not being considered because plaintiff's recorded height is 2 to 2 1/2 inches less than her alleged height. (R. 30). However, the decision neither mentions the evidence of the record supporting plaintiff's alleged height (R. 183, 254), nor provides a rational for rejecting it.

[3] Ambiguity concerning plaintiff's symptoms is created by the presence of notations appearing to indicate that plaintiff suffered from symptoms consistent with plaintiff's alleged impairment claim prior to December 31, 1993. (See R. 177); see also infra note 2.

must call upon the services of a medical advisor when the medical evidence concerning the disability onset date is ambiguous); <u>see also</u> S.S.R. 83-20, 1983 WL 31249, at *3 ("At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred."), and that a medical advisor would be helpful in determining whether plaintiff meets or equals Section 5.08A of the Listing of Impairments, it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 13) is REJECTED.  <u>See</u> <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 43 (3d Cir. 2001); <u>Walton v. Halter</u>, 243 F.3d 703, 709 (3d Cir. 2001); <u>Plummer v. Apfel</u>, 186 F.3d 422, 429 (3d Cir. 1999); 20 C.F.R. § 404.1527(d)(2).

2. The above-captioned case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this order.

3. The Clerk of Court is directed to CLOSE this case.

                                       S/ Christopher C. Conner
                                       CHRISTOPHER C. CONNER
                                       United States District Judge