# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TONI A. DEZINNA,** | : | **CIVIL ACTION NO. 1:05-CV-0571** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **JO ANNE B. BARNHART,** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 10th day of July, 2008, upon consideration of plaintiff's amended motion (Doc. 23) for $27,900.00 in attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), and it appearing that defendant does not oppose the motion for attorney's fees (see Doc. 25), and the court finding that the Social Security Act authorizes "a reasonable fee" for legal services that is not to exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of" a favorable judgment, see 42 U.S.C. § 406(b), that the requested award of $27,900.00 is a reasonable fee for the 37.2 hours of work expended by plaintiff's

counsel, Thomas D. Sutton, Esquire ("Attorney Sutton"),[1] (see Doc. 24 at 3); see also Perez v. Barnhart, No. 02-3779, 2006 WL 781899 (E.D. Pa. Mar. 23, 2006) (approving as reasonable an effective hourly rate of $810), and that the requested award constitutes less than 25% of the $160,000 in past-due benefits that were awarded to plaintiff, (see Doc. 24 at 1), it is hereby ORDERED that:

1. The amended motion for attorney's fees (Doc. 23) is GRANTED.

2. Attorney Sutton is awarded attorney's fees in the sum of $27,900.00 in accordance with 42 U.S.C. § 406(b) and is ordered to reimburse plaintiff in the sum of $5,800.00 for attorney's fees which were previously provided in accordance with the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (See Doc. 21); see also 42 U.S.C. § 405(b) (providing that where attorney's fees are awarded pursuant to the Social Security Act, "no other fee may be payable or certified for payment").

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Our sister court in the Eastern District of Pennsylvania has stated that the reasonableness of a request for attorney's fees pursuant to the Social Security Act may be determined by reliance upon the following factors: (1) the hourly rate utilized by the attorney in his or her prior Equal Access to Justice Act ("EAJA") fee calculations, (2) the effective hourly rate of the Social Security Act fee request, (3) any delay in the proceedings that was caused by counsel, (4) the Social Security Act's authorization of fees up to 25% of the award, (5) "the experience of counsel and his [or her] assessment of risk of recovery as related to fee," and (6) the government's argument relative to fees. See Perez v. Barnhart, No. 02-3779, 2006 WL 781899 (E.D. Pa. Mar. 23, 2006).

In the instant case, Attorney Sutton's EAJA hourly fee request was $162.50 (see Doc. 17), while the effective hourly rate of the instant request is $750.00 (see Doc. 24). Although this rate disparity weighs against Attorney Sutton's requested fee, the remaining factors shift the balance in favor of the reasonableness of the fee request. First, there is no evidence that Attorney Sutton delayed the proceedings in any manner. Second, the fee request is well below the more than $40,000.00 award that is authorized by the Social Security Act. Third, Attorney Sutton is an experienced practitioner who achieved a significant recovery for plaintiff even after such recovery had been denied at every level of administrative review. Finally, the government has presented no opposition to the fee request.